**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE: MEGAN A. ROGERS,

                                5:22-PF-4 (BKS)

              Respondent.

---

**Hon. Brenda K. Sannes, Chief U.S. District Judge**

**ORDER TO SHOW CAUSE**

On October 4, 2022, United States Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation noting that Respondent Megan A. Rogers ("Respondent") had filed six actions with this Court in recent years all of which appeared to be meritless and recommending that "the Court consider imposing a bar Order under 28 U.S.C. § 1651(a)." *Rogers v. McMahon*, No. 22-cv-994 (BKS/TWD), 2022 WL 16755727, at *4, 2022 U.S. Dist. LEXIS 197502, at * 9 (N.D.N.Y. Oct. 4, 2022), *report and recommendation adopted*, 2022 WL 15261454, 2022 U.S. Dist. LEXIS 195399 (N.D.N.Y. Oct. 27, 2022). Having considered Magistrate Judge Dancks' recommendation, and having reviewed Respondent's litigation history, the undersigned has determined that grounds may exist to enjoin Respondent from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor*

*Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of

repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding

further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts

must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it
> entailed vexatious, harassing or duplicative lawsuits; (2) the
> litigant's motive in pursuing the litigation, e.g., does the litigant
> have an objective good faith expectation of prevailing?; (3) whether
> the litigant is represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an
> unnecessary burden on the courts and their personnel; and (5)
> whether other sanctions would be adequate to protect the courts and
> other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d

at 528).

Here, after carefully reviewing the record, the Court concludes that, unless she shows

cause otherwise, Respondent should be enjoined from filing any future pleadings or documents

of any kind (including motions) in this District pro se without prior permission of the Chief

Judge or his or her designee (except pleadings or documents in a case that is open at the time of

the issuance of the Court's Pre-Filing Order, until that case is closed).

A review of Respondent's litigation history on Federal Judiciary's Public Access to Court

Electronic Records ("PACER") Service reveals that, within the period of approximately three

years, she has filed six actions in this District pro se: (1) *Rogers v. McMahon, et al.*, No. 5:22-cv-

994 (BKS/TWD) (N.D.N.Y. filed Sept. 21, 2022); (2) *Rogers v. Benedict, et al.*, No. 5:22-cv-801

(MAD/TWD) (N.D.N.Y. filed July 29, 2022); (3) *Rogers v. U.S. Dep't of the Treasury*, No.

5:21-cv-1351 (DNH/ML) (N.D.N.Y. filed Dec. 17, 2021); (4) *Rogers v. Pfizer et al.*, No. 5:21-

cv-176 (GLS/TWD) (N.D.N.Y filed Feb. 16, 2021); (5) *Rogers v. CPS, et al.*, No. 5:20-cv-0075

(LEK/ATB) (N.D.N.Y. filed Jan. 21, 2020); (6) *Rogers v. Clinton*, No. 5:19-cv-175 (LEK/ATB) (N.D.N.Y. filed Feb. 11, 2019).

Four of those six actions have been *sua sponte* dismissed as frivolous, for failure to state a claim, or lack of subject matter jurisdiction. *See Rogers v. U.S. Dep't of the Treasury*, No. 5:21-cv-1351, 2022 WL 3226349, at *1, 2022 U.S. Dist. LEXIS 141890, at *1–2 (N.D.N.Y. Aug. 10, 2022) (adopting report and recommendation advising that "amended complaint be dismissed without leave to amend as frivolous" and because the "incoherent" amended complaint could not be "meaningfully analyze[d]" and "place[d] an unjustified burden on the Court and, ultimately, on Defendants"); Order & Report-Recommendation, *Rogers v. Pfizer et al.*, No. 5:21-cv-176, (N.D.N.Y. June 9, 2021), Dkt. No. 14, at 2 (recommending dismissal of amended complaint without leave to amend finding amended complaint contained "haphazard collection of statements" that failed to indicate "what causes of action Plaintiff intends to assert or whether this Court has jurisdiction over this action"), *adopted by* Order, (N.D.N.Y. July 14, 2021), Dkt. No. 16; *Rogers v. CPS et al.*, No. 5:20-cv-75 (LEK/ATB), 2020 WL 2059824, 2020 U.S. Dist. LEXIS 75021 (N.D.N.Y. Apr. 29, 2020) (dismissing for failure to state a claim), *appeal dismissed*, No. 20-1725, 2020 WL 7040960, 2020 U.S. App. LEXIS 37763 (2d Cir. Sept. 23, 2020) (dismissing appeal 'because 'it lacks an arguable basis either in law or in fact'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Rogers v. Clinton*, No. 5:19-cv-175 (LEK/ATB), 2019 WL 3454099, at *1, 2019 U.S. Dist. LEXIS 127482, at *2–3 (N.D.N.Y. July 31, 2019) (dismissing complaint for failure to state a claim and lack of subject matter jurisdiction), *appeal dismissed*, No. 19-2632, 2019 WL 6218814, 2019 U.S. App. LEXIS 35327 (2d Cir. Oct. 30, 2019) (dismissing appeal 'because 'it lacks an arguable basis either in law or in fact'" (quoting *Neitzke*, 490 U.S. at 325)).

Of the two actions still pending, only one still has an operative pleading. In *Rogers v. McMahon*, 2022 WL 15261454, at \*2, this Court adopted Magistrate Judge Dancks' Report-Recommendation, *see Rogers v. McMahon*, 2022 WL 16755727, at \*4, 2022 U.S. Dist. LEXIS 197502, at \*9 (recommending dismissal of the complaint for failure to state a claim for relief and because claims alleged were "frivolous"), and *sua sponte* dismissed the complaint with leave to amend, cautioning that if Rogers failed "to file a timely amended complaint," the case would be closed. To date, Rogers has not filed an amended complaint. Although there is, at present, an operative complaint in *Rogers v. Benedict et al.*, there also is a pending Report-Recommendation recommending *sua sponte* dismissal of the complaint, with leave to amend, for failure to state a claim and because the claims appear "frivolous." 2022 WL 4937227, at \*3–4, 2022 U.S. Dist. LEXIS 181201, at \*9 (N.D.N.Y. Oct. 4, 2022).

In addition to the above, on November 7, 2022, Respondent filed correspondence in *Rogers v. Clinton*, 5:19-cv-175, *Rogers v. CPS et al.*, 5:20-cv-75, and *Rogers v. U.S. Dep't of Treasury*, 5:21-cv-1351, all of which have been closed, accusing Magistrate Judge Dancks of, inter alia, racism, "lacking the mental capacity" to preside over court proceedings, and being a "bully." *Rogers v. Clinton*, 5:19-cv-175, Dkt. No. 17; *Rogers v. CPS et al.*, 5:20-cv-75, Dkt. No. 15; *Rogers v. U.S. Dep't of Treasury*, 5:21-cv-1351, Dkt. No. 16. This correspondence was stricken from the docket. *Rogers v. Clinton*, 5:19-cv-175, Dkt. No. 18; *Rogers v. CPS et al.*, 5:20-cv-75, Dkt. No. 16; *Rogers v. U.S. Dep't of Treasury*, 5:21-cv-1351, Dkt. No. 17.

Even when the Court views these actions with the utmost of special solicitude, as it is required to do as Respondent has filed them pro se and without representation by counsel, the Court has difficulty concluding that Respondent has possessed an objective good faith expectation of prevailing in these actions, or that her litigation history has been anything other

4

than vexatious or harassing. Although Respondent has not caused needless expense to other

parties, her litigation history has caused an unnecessary burden on the Court and its personnel.

The Court also has difficulty concluding that lesser sanctions would be adequate to protect the

courts and other parties: a fine would not appear appropriate given that Respondent is proceeding

in forma pauperis, and a stern warning would appear unavailing given that she has not

been deterred thus far by *sua sponte* dismissals.

Notwithstanding the overwhelming support for a pre-filing injunction, fairness dictates

that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529.

As a result, she shall have fourteen (14) days from the date of this Order to show cause, in

writing, why she should not be enjoined from filing any future pleadings or documents of any

kind (including motions) in this District pro se without prior permission of the Chief Judge or his

or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within FOURTEEN (14) DAYS of the date of this

Order, show cause, in writing, why she should not be enjoined from filing any future pleadings

or documents of any kind (including motions) in the Northern District of New York pro se

without prior permission of the Chief Judge or his or her designee (except pleadings or

documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until

that case is closed);[1] and it is further

---

[1] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any
action filed by her in state court removed to this Court or filed by her in another U.S. District Court and transferred
to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of
pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York);
*Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its
pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v.
Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr.
10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does
apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

**IT IS SO ORDERED.**

Dated: <u>December 20, 2022</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

WL 8636986, at \*1, 2009 U.S. Dist. LEXIS 61425, at \*2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre- filing injunction to case that had been transferred from the District of Delaware).